being mentally incompetent, whose mind will never develop beyond that of a child of eight years, in all human probability never will have issue. Why, then, a distinction should have been made in the disposition of the remainder, in his case providing that it should, upon his death, go to his legal representatives, heirs at law or next of kin, and in the case of the son William, in the event of his death before reaching the age of thirty-five, providing that it be applied in enhancement of the other two trusts, thus practically disinheriting William's children, is difficult to understand. I think we should not read into this will something which is not to be found within its four corners and which may result in an inequitable distribution of this estate not intended by the testator. In *Matter of Knight* (196 App. Div. 355), a case involving the construction of a will, Judge MILLS, for this court, wrote (at p. 358): "Moreover I look upon it as elementary and axiomatic that, except in an entirely plain case, the court will not construe a will so as to cut off from inheritance or benefit any direct descendant of the testator. Such a construction shocks one's sense of natural justice and will be avoided if reasonably possible. (*Soper* v. *Brown, supra,* 136 N. Y. 244, 248.)" In *Matter of Harden* (177 App. Div. 831), a First Department case, Judge LAUGHLIN wrote (p. 835): " * * * it is a general rule with respect to the construction of wills that if a will is susceptible of two constructions, one of which will tend to inequality in the distribution of the estate between the children of the testator, and the other will tend to produce equality, the latter construction is favored." (Cases cited.) The same rule is expressed in the opinion of *Soper* v. *Brown* (136 N. Y. 244, 248), cited by Judge MILLS in *Matter of Knight (supra).* While *Matter of Rooker* (248 N. Y. 361) involves a construction affecting the rights of relatives and strangers, which, of course, is not true in this case, the court nevertheless held that the equities are to be considered. Judge ANDREWS there wrote (p. 364): "Of two doubtful interpretations, that favoring the blood of the testator rather than strangers will be adopted. Human nature usually so acts. A construction harmonizing a clause and the law is to be preferred to one unauthorized. An intent to direct an illegal accumulation of income is not to be lightly inferred." The decree should be modified to conform to this opinion, with costs to each of the parties to be paid out of the estate.

CHARLES T. BROWN, Appellant, CENTRAL POWER AND LIGHT COMPANY, Plaintiff, v. ARTHUR B. WESTERVELT, Individually and in Behalf of the Bondholders Protective Committee of the ISLAND REFINING COMPANY, ETC., Respondent.—Appeal dismissed, with costs. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

LEOPOLD CECIL and WILLIAM CECIL, Respondents, v. NORMAN GUMBINNER, Appellant.— Motion for stay .denied. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

MAURICE ALTER and Others, Appellants, v. INDEPENDENT ·DZIALOSCYZER AID SOCIETY and Others, Respondents.— Motion to dismiss appeal dismissed, without costs, and without prejudice to renewal when a new attorney is designated for appellants. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

MELANIE BENCOE, Respondent, v. LOUIS H. HAYM and Others, Defendants. LOUIS MAXWELL COHEN, Individually and as a Voting Trustee of Plaintiff, Appel-

lant.— Motion to dismiss appeal denied upon condition that appellant perfect the appeal for the March term (for which term the case is set down) and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

NATHANIEL M. BROWN, Respondent, v. UNITED STATES CASUALTY COMPANY, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

LESTOR J. CONWAY, Respondent, v. MATCH CORPORATION OF AMERICA, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Stay continued for thirty days to enable appellant to apply to the Court of Appeals. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

ELLA A. DAVIS, Respondent, v. EDWARD C. DAVIS, Appellant.— Motion to dismiss appeal denied upon condition that appellant perfect the appeal for the March term (for which term the case is set down) and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

JENNIE FISCHMAN, Appellant, v. BROOKLYN, QUEENS COUNTY AND SUBURBAN RAILROAD COMPANY and THE BROOKLYN CITY RAILROAD COMPANY, Respondents.— Motion to dismiss appeal granted, with ten dollars costs, and appeal dismissed, with costs. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

SIMON FISCHMAN, Appellant, v. BROOKLYN, QUEENS COUNTY AND SUBURBAN RAILROAD COMPANY and THE BROOKLYN CITY RAILROAD COMPANY, Respondents.— Motion to dismiss appeal granted, with ten dollars costs, and appeal dismissed, with costs. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

ALLAN FOX COMPANY, INC., Respondent, v. J. D. JOHNSON Co., INC., Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

SAMUEL GREENBERG, INC., Respondent, v. SCARSDALE-LONGVIEW WATER AND LAND CORPORATION, HOME FOUNDATION, INC., and POCANTICO ENGINEERING CORPORATION, Appellants.— Motion to resettle order dated January 17, 1930, granted. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

SAMUEL GREENBERG, INC., Respondent, v. SCARSDALE-LONGVIEW WATER AND LAND CORPORATION, HOME FOUNDATION, INC., and POCANTICO ENGINEERING CORPORATION, Appellants.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

WILLIAM HARMAN and JACOB LEVENTHAL,. Respondents, v. PORTON CONSTRUCTION COMPANY, INC., Appellant, and Another, Defendant.— Motion to dismiss appeal denied upon condition that appellant perfect the appeal for the March term (for which term the case is set down) and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ